UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EDDIE LOWE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00177-JMS-DLP |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Habeas Corpus
and Directing Issuance of Final Judgment**

Indiana prison inmate Eddie Lowe petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in the disciplinary case number WVE 18-08-0122. For the reasons explained in this Order, Mr. Lowe's petition is **DENIED**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

**B. The Disciplinary Proceeding**

On August 28, 2018, Indiana Department of Correction (IDOC) Analyst S. Zimmerman wrote a Report of Conduct charging Mr. Lowe with engaging in unauthorized financial transaction, a violation of Indiana Adult Disciplinary Code 220. Dkt. 1-1 at 2; dkt. 8-1; dkt. 9-2. The Report of Conduct states:

> On 8/28/2018, Analyst S. Zimmerman did monitor telephone calls completed on 8/18/2018. On 8/18/2018, Offender Eddie Lowe #992238 completes a telephone call to (812) 290-6044. This telephone number is associated with his mother, Lisa McKittrick. During the telephone call Offender Lowe and his mother discuss unauthorized financial transactions. Specifically, Offender Lowe states, "There should be 950 coming too." And "it's from different people." Policy 04-01-104 (IX) specifically prohibits offenders from engaging in financial transactions with others without prior written approval.

*Id.*

Mr. Lowe was notified of the charge on August 31, 2018, when he received a copy of the screening report and pled not guilty. Dkt. 1-1 at 1; dkt. 8-6; dkt. 9-1. He did not ask to call witnesses or request any physical evidence. *Id.* He informed the screening officer that he planned to bring paperwork to the hearing. *Id.*

A hearing was held on September 11, 2018. Dkt. 1-1 at 8; dkt. 8-9; dkt. 9-8. Mr. Lowe told the hearing officer, "Part of it is from my taxes and family. I send money to my mother. Family sends money to my mom for me." *Id.* The hearing officer considered Mr. Lowe's statement, a transcript of the telephone call, letters from Mr. Lowe's family, tax documentation, and the report of conduct and found him guilty. *Id.* Mr. Lowe received a 90-day deprivation of earned credit time and a suspended demotion in credit class. *Id.*

Mr. Lowe exhausted his administrative remedies by appealing to the Facility Head and the IDOC Final Reviewing Authority. Dkt. 8-10; dkt. 8-11. These appeals were denied. *Id.* Mr. Lowe then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

Mr. Lowe's petition raises several grounds for relief, which the Court restates as: (1) the evidence is insufficient to support his conviction; (2) he was denied the right to present evidence and call witnesses; (3) he was denied the right to a written statement articulating the reasons for his guilt; and (4) he was denied the right to an impartial hearing.

### 1. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat*, 288 F.3d at 981.

Mr. Lowe was found guilty of IDOC Adult Disciplinary Code 220, which prohibits prisoners from:

> Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction. This includes the discussion of engaging in unauthorized financial transaction(s) with any other person.

Dkt. 8-12 at 6.

Mr. Lowe and his mother discussed multiple financial transactions during their phone call on August 28, 2018. In the middle of the call, Mr. Lowe's mother told him that she had sent a "one hundred dollar birthday card" to an unidentified person. Later, he directed her to call a phone number and speak to "Becky" about sending a "birthday card" to "Big Uncle." The phone number

was associated with Offender Crawford, an inmate at Mr. Lowe's facility. This phone call provided the hearing officer with "some evidence" that Mr. Lowe arranged an unauthorized financial transaction with Crawford through his mother and Crawford's associate. Mr. Lowe's request for relief on this ground is **denied**.

 2. **Right to Present Evidence**

Prisoners have a limited right to present witnesses and evidence in their defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011). Prisoners must request evidence "before or at the hearing" and explain how the evidence would have aided their defense. *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002); *Piggie v. Cotton*, 342 F.3d 660, 678 (7th Cir. 2003).

Mr. Lowe argues that the hearing officer should have obtained a copy of the entire phone call and tracked down his mother to take her statement. Mr. Lowe does not explain the exculpatory value of this evidence. Perhaps more fundamentally, he never requested this evidence before or during the hearing. Mr. Lowe's argument that he was entitled to this evidence "without request" is mistaken, and his request for relief on this ground is **denied**.

 3. **Right to a Written Statement**

"Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs*, 485 F.3d at 941. The written statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.*

4

"[W]hen the charge is straightforward, the Board need say only that it believed the conduct report." *Calligan v. Wilson*, 362 F. App'x. 543, 545 (7th Cir. 2009).

Although the hearing officer's written statement of decision was brief, it was sufficient to satisfy due process. The hearing officer listed the evidence that was considered in determining that Mr. Lowe was guilty of the charged offense. The denial letter from the IDOC Final Reviewing Authority, no matter how perfunctory, cannot form the basis for a due process violation. Inmates have no due process right to an administrative appeal of a disciplinary conviction, and any errors in the administrative appeal process cannot form the basis for habeas relief. *See*, *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (the limited procedural guarantees set forth in *Wolff* may not be expanded by lower courts). Mr. Lowe's request for relief on this ground is **denied**.

### 4. Right to an Impartial Decisionmaker

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Lowe has not overcome the presumption that the hearing officer was impartial. He presents no evidence that the hearing officer was directly involved in his case prior to the hearing.

The fact that the hearing officer reviewed the evidence and found him guilty is not evidence of bias. Furthermore, the hearing officer's failure to independently look for evidence on behalf of Mr. Lowe is not evidence of bias. If Mr. Lowe wanted the hearing officer to listen to the entire phone call, he should have requested this evidence at or before the hearing. His request for relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Lowe to the relief he seeks. Accordingly, Mr. Lowe's petition for a writ of habeas corpus must be denied and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 2/7/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EDDIE LOWE
992238
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov